IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANTHONY E. WRIGHT | § | |
| | § | |
| v. | § | C.A. NO. C-10-375 |
| | § | |
| LORIE DAVIS, ET AL. | § | |

## OPINION AND ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE

This is a civil rights action brought by a state inmate pursuant to 42 U.S.C. § 1983.  (D.E. 1).

### I.  JURISDICTION

The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.  After consent by plaintiff, (D.E. 8), this case was referred to a magistrate judge to conduct all further proceedings, including entry of final judgment pursuant to Neals v. Norwood, 59 F.3d 530 (5th Cir. 1995).  (D.E. 9); see also 28 U.S.C. § 636(c).

### II.  BACKGROUND

Plaintiff originally filed his complaint on November 22, 2010.  (D.E. 1).  His complaint concerns events that occurred in May 2010 when he was briefly held at the Garza West Unit, in Beeville, Texas.  He named as defendants the Garza West Unit warden, Lorie Davis, and an unidentified correctional officer, Officer John Doe.  On December 8, 2010, a telephonic hearing was held regarding plaintiff's claims.  On December 16, 2010, an order was issued dismissing plaintiff's claim against Warden Lorie Davis in her official capacity as barred by Eleventh Amendment immunity.  (D.E. 10, at 8).  To the extent plaintiff was suing Officer John Doe in his official capacity, those claims were also dismissed as barred.  Id.  However, plaintiff's Eighth Amendment claim concerning the conditions of the holding cell against Officer John Doe in his

individual capacity was retained.  Id.  On December 16, 2010, an order for service of process on this defendant was issued.  (D.E. 11).

On February 1, 2011, the Office of the Attorney General for the State of Texas advised the Court that it was unable to identify Officer John Doe.  (D.E. 14, at 1).  There was a list of ten intake officers working at the Garza West Unit on May 6, 2010.  Id. at 1-2.  On February 24, 2011, a telephonic hearing was held to address the identification of this defendant.  During this hearing, plaintiff indicated that he could not identify the John Doe officer based on name recognition, but believed that the defendant's name would be listed in an incident report.  Consequently, the Office of the Attorney General requested the incident reports to provide them to plaintiff so that he could identify the defendant.

On March 28, 2011, the Office of the Attorney General advised that there were no records of incident reports concerning plaintiff at the Garza West Unit in May 2010.  (D.E. 18).  Thus, the Office of the Attorney General was ordered to show plaintiff a photograph of each of the five male intake officers who worked at the Garza West Unit on May 6, 2010.  (D.E. 21, at 2).  On April 12, 2011, "Plaintiff was shown five colored photographs of the intake officers who worked at the Garza West Unit on May 6, 2010," but was unable to identify Officer John Doe among them.  (D.E. 24, at 1).  Consequently, plaintiff had until July 21, 2011 to engage in discovery to determine the name of Officer John Doe.  (D.E. 25).

During this discovery, plaintiff indicated that the correct date for the alleged civil rights violation by Officer John Doe was not May 6, 2010, but May 5, 2010.  (D.E. 32).  Pursuant to a July 7, 2011 telephonic hearing, the Office of the Attorney General was ordered to show plaintiff

a photograph of each of the five male intake officers who worked at the Garza West Unit on May 5, 2010. Again, plaintiff was unable to identify the John Doe defendant. (D.E. 37, at 2).

On July 26, 2011, an order to show cause was issued ordering plaintiff to "identify Officer John Doe within twenty-five days, or alternatively, show cause as to why this action should not be dismissed for want of prosecution." (D.E. 38, at 3). Records indicate that plaintiff received the order to show cause. (D.E. 40).

### III.  DISCUSSION

An action may be dismissed if the plaintiff fails to prosecute it, or to comply with any court order. Fed. R. Civ. P. 41(b); see also Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to sua sponte dismiss a cause of action for failure to prosecute). "'The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts.'" Martinez, 104 F.3d at 772 (quoting Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988)).

The Federal Rules of Civil Procedure permits dismissal of claims or defendants where plaintiff fails to serve them:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m); accord Millan v. USAA Gen. Indem. Co., 546 F.3d 321, 325 (5th Cir. 2008). To date, plaintiff has not responded or demonstrated any good cause for his failure to properly effect service on Officer John Doe. Here, the Court with the assistance of the Office of

3

the Texas Attorney General has attempted to obtain the name of defendant in order to serve him. Unfortunately, these efforts have been unsuccessful in identifying defendant. There is nothing in the record to indicate that plaintiff has engaged in any discovery or made other efforts to determine defendant's identity.

## IV.  CONCLUSION

Accordingly, plaintiff's action is dismissed without prejudice for failure to prosecute.

ORDERED this 30th day of August 2011.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE